UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,
    Plaintiff,

vs.

FRANK DICATALDO, PH.D.;
KATRIN (ROUSE) WEIR, ED.D.;
MARGERY GANS, ED.D.;
FRED KRELL, PH.D.; and
JOHN NOVERO, Director of
Civil Commitment for the
Department of Correction,
sued in their individual and
official capacities,

    Defendant's.

CIVIL ACTION NO.

05-10743

Referred to MJ MB Bowler

V E R I F I E D   C O M P L A I N T

INTRODUCTION:

    This is a Civil Rights Complaint, brought by Sandy J. Battista, pro-se, a involuntarily civilly committed resident at the Mass. Treatment Center. Plaintiff alleges that, the defendant's, as members of the Treatment Center's "Community Access Board," in a recent annual review of the plaintiff's civil commitment, pursuant to M.G.L. ch.123A, 6A, in opining that plaintiff remained a "Sexually Dangerous Person," as that term is statutorily defined under M.G.L. ch.123A, §1, as amended by St.1999, c.74, based their opinion without any empirical support that plaintiff currently exhibits any symptoms from any scientifically identifiable "mental abnormality" or "personality disorder," and because of said mental abnormality or personality disorder was at "risk to re-offend if not confined to a secure facility."

JURISDICTION AND VENUE:

1) This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331-32 and 1343.

2) Venue properly lies in this District pursuant to 28 U.S.C. §1391, because all parties in this action reside, and/or are employed within the geographical jurisdiction of the above entitled Court, coupled with all allegations of violative conduct of plaintiff's federally protected rights, and the statutory laws of the United States, and the State of Massachusetts, all said violations did occur within the same geographical jurisdiction of the above entitled Court.

3) This Court has supplemental jurisdiction over any of the plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4) Plaintiff's claims for injunctive relief are properly authorized by 28 U.S.C. §2283 and 2284 and Rule 65 of the **Federal Rules of Civil Procedure.**

PARTIES:

5) Plaintiff, Sandy J. Battista("Battista"), is and was at all relevant times herein, an adult citizen of the United States and resident of the State of Massachusetts. Currently detained at the Massachusetts Treatment Center("MTC"), at Bridgewater, under an order of civil detainment from a Massachusetts Superior Court. Plaintiff is not serving a criminal sentence, nor is plaintiff a "prisoner," in the traditional sense of the term. Plaintiff sues in her own behalf.

6) Defendant, Frank DiCataldo, Ph.D.("Dr. DiCataldo"), is and was at all relevant times herein, an employee of the Mass.

Department of Correction("DOC"), and member of the MTC "Community Access Board"("CAB"). At all relevant times herein defendant Dr. DiCataldo has acted under color of state law and is sued in his individual and official capacities.

7) Defendant, Katrin (Rouse) Weir, Ed.D.("Dr. Weir"), is and was at all relevant times herein, an employee of the Mass. DOC, and member of the MTC CAB. At all relevant times herein defendant Dr. Weir has acted under color of state law and is sued in her individual and official capacities.

8) Defendant, Margery Gans, Ed.D.("Dr. Gans"), is and was at all relevant times herein, an employee of the Mass. DOC, and member of the MTC CAB. At all relevant times herein defendant Dr. Gans has acted under color of state law and is sued in her individual and official capacities.

9) Defendant, Fred Krell, Ph.D.("Dr. Krell"), is and was at all relevant times herein, an employee of the Mass. DOC, and member of the MTC CAB. At all relevant times herein defendant Dr. Krell has acted under color of state law and is sued in his individual and official capacities.

10) Defendant, John Novero("Novero"), is and was at all relevant times herein, an employee of the Mass. DOC, and member of the MTC CAB. At all relevant times herein defendant Novero has acted under color of state law and is sued in his individual and official capacities.

STATEMENT OF RELEVANT FACTS:

11) On March 15, 2003, a Massachusetts Superior Court adjudicated Battista as being a "Sexually Dangerous Person,"

as that term is legally defined under the existing version of G.L. ch.123A, §1, as amended by St.1999, c.74, and committed her to the MTC for a period of one-day-to-life, or otherwise discharged under the provisions of Section 9 of ch.123A. See Commonwealth vs. Sandy J. Battista, WORCV01-1108-C.

12) The Mass. DOC retains custodial jurisdiction over the MTC pursuant to G.L. ch.123A, §2.

13) The MTC currently houses two separate populations of "Sexually Dangerous Persons," ("SDP"). Those SDP's committed under the pre-1990 versions of ch.123A, and those SDP's committed under the existing 1999 amended version of ch.123A.

14) As defined in G.L. ch.123A, §1, as amended by St.1999, c.74, a SDP requires a finding that the person suffers from the statutory definition of either a "mental abnormality" or "personality," and because of such mental abnormality or personality disorder is "likely to re-offend sexually if not confined to a secure facility." Whereas, under the pre-1990 versions of ch.123A, a SDP requires a finding of a "general lack of power to control sexual impulsives, as evidenced by either 'repetitive' or 'compulsive' sexual misconduct,"..."and is likely to attack or otherwise inflict injury on such victims because of his uncontrollable desires."

15) Plaintiff Battista was diagnosed as meeting the statutory definitions of a "mental abnormality"(Pedophilia), as well as a "personality disorder"(AntiSocial Personality Disorder).

16) The Mass. DOC is required by General Laws Chapter 123A, Sections 2 and 6A to establish a "Community Access Board". ("CAB").

17) The CAB is required by G.L. ch.123A, §6A to conduct an annual review of all SDP's committed to the MTC in order to determine: (a) progress in treatment; (b) make recommendations regarding treatment; and (c) review of current sexual dangerousness. (Only those portions of the CAB obligations and responsibilities under sub-section (c)(review of current sexual dangerousness) are the subject of this Complaint).

18) Review of a persons "sexual dangerousness" involves a specialized highly complex evaluation that depends upon the best available scientifically validated methods and techniques to achieve even limited accuracy.

19) On April 21, 2004, the CAB, defendant's, met to review Battista's current sexual dangerousness. A copy of this report is attached herewith and annexed as Exhibit-A. (It is noted here that, an audio-tape of this meeting will be transcribed at a later date and submitted to this Court as Exhibit-B).

20) During this meeting, Battista inquired of the defendant's science they employed to assess her current "sexual dangerousness" and "risk to re-offend."

21) In reply, defendant's stated that they employ what they call the "Guided Clinical Method," and any assessment of her current sexual dangerousness and risk to re-offend would be reflected in their report.

22) During this meeting, Battista also inquired of defendant Novero, relevant to his past experience and/or training, with regard to his experience in treating sex offenders and assessments of sexual dangerousness and predictions of sex offender risk to

re-offend.

23) In reply, defendant Novero admitted that he has no actual experience or training in treating sex offenders or assessing sexual dangerousness and risk to re-offend, other than what he has "picked-up 'on the job'" for the last three years.

24) An "opinion" by a "lay person," without any verifiable credentials and without any proven scientific methodology or relevant experience, is not only incredible, but is preposterous.

25) Defendant Dr. Weir, who was a voting member at Battista's annual CAB, also was a expert witness for the Commonwealth at Battista's original civil commitment proceedings, just eleven months prior.

26) The CAB, defendant's, offered no empirical support that Battista's currently suffered from any scientifically identifiable "mental abnormality" or "personality disorder." Rather, the CAB, defendant's, simply recited the words of the statute and declared that Battista remained a "Sexually Dangerous Person," at risk to re-offend if not confined to a secure facility.

27) The CAB, defendant's, provided no information that even touched upon the validity and general acceptance in the relevant scientific community regarding their claimed methodology.

28) The CAB, defendant's, "opinion" was little more than hypothetical speculation, ungrounded in any scientific discipline, empirical studies or research.

-7-

CAUSES OF ACTION:

29) Battista realleges and incorporates by reference her allegations in paragraphs 1 through 28 as if fully restated herein.

30) At all relevant times herein, defendant's were "persons" for the purpose of 42 U.S.C. §1983 and acted under color of state law to deprive Battista of her constitutional rights.

31) The actions of the defendant's as stated in paragraphs 17-21 & 26-28 denied Battista her rights to due process of law, in violation of the Fourteenth Amendment to the United States Constitution, as well as under G.L. ch.123A, §6A.

32) The actions of defendant Novero as stated in paragraphs 22-24 created "reasonable doubt" as to Battista's assessment of her "current" "sexual dangerousness" and "risk to re-offend," in violation of her rights to due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

33) The actions of defendant Dr. Weir as stated in paragraph 25 created a "bias" determination as to Battista's assessment of her "current" "sexual dangerousness" and "risk to re-offend," in violation of the Fourteenth Amendment to the United States Constitution.

PRAYERS FOR RELIEF:

WHEREFORE, Battista prays that this Court provide her with the following relief:

(a) Issue a declaratory judgment that defendant's actions and behaviors as set forth in this Complaint violated Battista's

Constitutional rights, protections, and guarantees under the United States Constitution; Massachusetts State Law; and Mass. Department of Correction Policies and Procedures;

(b) Issue a declaratory judgment that defendant's have a constitutional and statutory obligation to ensure that any and all future determinations of Battista's "current" "sexual dangerousness" is based upon the most recent best available scientifically validated methods and techniques, accepted within the relevant scientific community, and that such methods and techniques are clearly reflected in their report;

(c) Issue a permanent injunction ordering defendant's to ensure that all future CAB are held by qualified personnel, whom have had documented training, and/or experience in assessing sexual dangerousness and sex offender risk to re-offend;

(d) Issue a permanent injunction ordering defendant's to ensure that any and all future methods assessing Battista's alleged "sexual dangerousness" and "risk to re-offend" are clearly reflected in their reports;

(e) Issue a permanent injunction ordering defendant's to immediately expunge from Battista's records her April, 2004 CAB Report, and any and all notes pertaining to same;

(f) Issue a permanent injunction ordering defendant's to refrain from using any expert witnesses of the Commonwealth who have participated in any form or manner during Battista's original civil commitment proceedings, and/or any review hearings under G.L. ch.123A, §9, at any of Battista's future CAB's;

(g) Award Battista both compensatory, as well as punitive

--9--

damages;

(h) Award Battista attorney fees, cost and interest incurred in this action; and

(i) Grant such other and further relief deemed just and proper by this Court.

Dated: March 30, 2005.         Respectfully submitted,

                               /s/ Sandy J. Battista
                               Sandy J. Battista, #M-15930
                               Plaintiff/Pro-se
                               Mass. Treatment Center
                               30 Administration Rd.
                               Bridgewater, Mass. 02324-3230


**CERTIFICATE OF VERIFICATION**

I, Sandy J. Battista, plaintiff in the enclosed matter, acting pro-se, hereby verify's that all of the information contained herein is true and accurate to the best of my personal knowledge and belief, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true and accurate to the best of my personal knowledge and belief.

Dated: March 30, 2005.    /s/ Sandy J. Battista
                          Sandy J. Battista, #M-15930
                          Plaintiff/Pro-se