UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDY BATTISTA         ) | |
|     Plaintiff,         ) | |
| ) | |
| v.         ) | C.A. No. 05-10743-RWZ |
| ) | |
| FRANK DICATALDO, ET AL.,         ) | |
|     Defendants         ) | |

MEMORANDUM AND ORDER

For the reasons stated below Plaintiff shall show cause in writing, within forty-two (42) days of the date of this Memorandum and Order, why this action should not be dismissed for the reasons stated herein.   Plaintiff's Motion to Expunge the CAB report is denied.

Background

On April 12, 2005, Plaintiff Sandy Battista[1], a civilly committed inmate at the Massachusetts Treatment Center ("MTC"), Bridgewater, MA, who has been designated as a "sexually dangerous person" under M.G.L. ch. 123A § 1, filed an Application to Proceed Without Prepayment of Fees[2], and a *pro se* complaint seeking injunctive and monetary relief for alleged violations of her civil rights under 42 U.S.C. §1983.  More specifically, in March, 2003, Battista was adjudicated a "sexually dangerous person" ("SDP") by the Massachusetts Superior Court, and is diagnosed with antisocial personality disorder and is classified as a pedophile. Complaint at ¶ 11, 15.   Pursuant to Massachusetts law, the Department of Correction's ("DOC") Community Access Board ("CAB") conducts yearly evaluations of Battista to assess

---

[1] Plaintiff asserts that although still biologically male, she has recently been diagnosed as meeting the diagnostic criteria for "Gender Identity Disorder" and approved for cross-gender hormone treatment.  She therefore refers to herself using the feminine pronoun.

[2] The Application to Proceed Without Prepayment of Fees is Allowed under separate Order.

her progress, current sexual dangerousness, and risk of re-offense.  Complaint at ¶ 16-17.

On April 21, 2004,  the CAB met to review Battista's progress.  Complaint at ¶ 19. Battista claims that the persons preparing the report were ill-qualified to make such a determination, that no specialized evaluation was used in relation to sex offenders, and that the methods used for evaluation lacked evidence of general acceptability in the medical community. Complaint at ¶ 20-28.

Battista brings this § 1983 action claiming that Defendants, acting under color of state law, have deprived her of her of due process of law, and have violated M.G.L. ch. 123A § 6A. Complaint at ¶ 30-31.  She asks this Court to 1) declare that defendants actions violated Massachusetts law and her due process rights; 2) declare that in the future the CAB must use the most recent and best available scientific methods when conducting evaluations; 3) issue a permanent injunction requiring the CAB to only employ personnel with documented training and experience relating to evaluating sexually dangerous persons; 4) issue a permanent injunction requiring Defendants to document assessment methods; 5) issue an injunction ordering the CAB to expunge the April 2005 CAB report from her record; 6) issue a permanent injunction disallowing any expert witnesses used in Battista's trial to participate in her CAB evaluations; and 7) award compensatory and punitive damages, attorney fees and costs of litigation.

Discussion

I.  The Court May Screen This Action

Because Battista has sought to proceed *in forma pauperis*, this Court may screen the complaint, pursuant to 28 U.S.C. § 1915.  Section 1915, authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of the filing fee if the action

2

lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)); if the action fails to state a claim on which relief may be granted; or if the Plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Here, Plaintiff's claims are subject to dismissal for the reasons set forth below.

    II.    There is an Adequate Pre-Deprivation State Law Remedy

Battista claims that the CAB has violated her procedural due process rights as guaranteed by the 14th Amendment of the Constitution because the CAB evaluation was deficient. She seeks injunctive relief to prevent such violations in a future SDP review.[3]

It is well settled that a Plaintiff cannot sustain a § 1983 procedural due process action in federal court where there is an adequate state remedy available. Such state remedies must either be pre-deprivation remedies or post-deprivation remedies, depending on the nature of the alleged deprivation. The Supreme Court of the United States has held that a state post-deprivation remedy is adequate when procedural due process claims relate to random deprivations by the state. See Parratt v. Taylor, 451 U.S. 527, 541 (1981) overruled in part by Daniels v. Williams, 474 U.S. 327 (1986) (holding injury caused by negligence does not amount to a due process violation) . Conversely, however, if the state deprivation is "predictable," that state must provide a pre-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 132 (1990) ("'where [the]

---

[3]The alleged conduct of the defendants, even accepted as true, does not rise to the level of "conscience shocking", and therefore plaintiff cannot sustain a substantive due process claim. See, Senra v. Cunningham 9 F.3d 168, 173 (1st Cir. 1993).

State feasibly can provide a pre-deprivation hearing … it generally must do so regardless of the adequacy of a post-deprivation tort remedy to compensate for the taking.'"); see also Herwins v. City of Revere, 163 F.3d 15, 19 (1st Cir. 1998) (discussing Zinermon, the Court stated, "Zinermon's admission was not a 'random and unauthorized' act of an individual employee or an 'unpredictable' departure from state law. Confinement of patients not competent to consent was easily foreseeable and pre-deprivation screening could feasibly be provided in non-emergency cases.").

In the present case, Battista's claims fall into the second category of procedural due process claims. Her allegations that she will continue to be "deprived" of her liberty by her continual civil confinement based on future CAB reports, is a predictable deprivation, and therefore, there must be a pre-deprivation state remedy in order to bar this federal action. As discussed below, the pre-deprivation state remedy set forth in M.G.L. ch.123A § 9 serves to protect Battista's procedural due process right with respect to the future determinations of SDP status resulting in continued confinement.

Massachusetts General Law Chapter 123A pertains specifically to the "Care, Treatment and Rehabilitation of Sexually Dangerous Persons." To sum, this statute 1) specifically defines the term "sexually dangerous" person (section 1); 2) allows a person, like Battista to annually apply for acceptance into a community access program (section 6A); 3) requires the DOC to create a Community Access Board (CAB) to determine the individual's ability to engage in such a program (Section 6A); 4) allows the individual, once per year to petition for examination or discharge (Section 9); and 5) requires the DOC to submit annual reports detailing the treatment received by each individual (Section 16). M.G.L. ch. 123A.

4

Here, Battista does not contest the validity of her initial "adjudication" as an SDP by the Massachusetts Superior Court. Under M.G.L. ch. 123A § 9, Battista has a statutory right to file an annual petition for reconsideration of her status as an SDP. At that hearing, the government must establish that Battista remains an SDP. See Cameron v. Walsh, 1996 WL 461502 (D. Mass. 1996) (Saris, J.). A finding that Battista no longer is an SDP would result in her release.

Thus, through M.G.L. ch.123A § 9, the Commonwealth of Massachusetts has provided adequate procedural safeguards to those who are deprived of their liberty after being categorized as a sexually dangerous person, and Battista may raise her concerns about the quality of the CAB members and any CAB annual report, with the state court judge in a § 9 proceeding.

Moreover, Battista does not allege any facts which would indicate that the Massachusetts statutory scheme fails to provide a constitutionally adequate pre-deprivation remedy to redress the purported due process deprivation.[4] See Rumford Pharmacy v. City of East Providence, 970 F.2d 996, 999 (1st Cir.1992). Battista does not challenge the constitutionality of § 9, and has failed to indicate in what way the § 9 safeguards are inadequate, or what additional process would be required in order to have an adequate challenge to any CAB report.

Accordingly, since Massachusetts state law provides adequate pre-deprivation due process protections, Battista may not sustain a § 1983 action in this court, and this action is subject to dismissal.

    III.    This Court Lacks Jurisdiction to expunge the CAB report

As additional relief, Battista seeks an Order of this Court to expunge the 2004 CAB

---

[4] While Battista complains about the quality of the CAB report, she does not assert that there is any irregularity in the process which required the DOC to create the CAB, or that the CAB did not fulfill its duties by failing to produce a timely report.

report.  First,  Battista sets forth no factual or legal bases by which the jurisdiction of this Court could be invoked to expunge that report from her record.[5]

Second, Battista has not asserted that she attempted to seek such relief from the appropriate state court judge.  Failure to do so is fatal here.  Third and most importantly, Battista's motion is, in effect, a veiled attempt to manipulate the parameters of the next CAB report, by depriving the CAB members (and the state court judge) from considering the prior adverse evaluation in the SDP determination.  Such attempt, by artful pleading, cannot be brooked.   Finally, Battista provides no bases for the extraordinary relief of expungement (as opposed to an alternative corrective measure such as a declaration that the report's probative value is questionable).

Accordingly, Battista's Motion to Expunge the CAB report is denied.

## Conclusion

For the reasons stated above, it is hereby ORDERED:

1.   Plaintiff shall show cause in writing, within forty-two (42) days of the date of this Memorandum and Order, why this action should not be dismissed for the reasons stated herein; and

2.   Plaintiff's Motion to Expunge the CAB report is denied.

Dated: May 19, 2005                             /s/ Rya W. Zobel
                                                RYA W. ZOBEL
                                                UNITED STATES DISTRICT JUDGE

---

[5] She does not claim diversity jurisdiction over such claim, and it appears that avenue is fruitless.  See 28 U.S.C. § 1332 (granting federal court jurisdiction when opposing parties are from different states).  Second, the complaint fails to adequately state independent federal statutory claims.  See 28 U.S.C. § 1331 (granting federal court jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States").  Finally, since Battista cannot sustain a federal § 1983 claim, this Court would decline to exercise supplementary jurisdiction.  See 38 U.S.C. § 1367.